[No. 18923.    Department One.    March 17, 1925.]

VINCE H. FABEN, *Appellant*, v. NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, *Respondent*.[1]

INSURANCE (48)—FIRE INSURANCE—PROPERTY INSURED—DESCRIPTION—EVIDENCE—SUFFICIENCY. Findings that a policy of insurance was written on a building formerly plaintiff's barn, and not upon his residence, are sustained, where the agent testified that he so intended it, the mistake in the description of the lot was explained, and the agent was corroborated by the contemporaneous cancellation of other insurance on the building and not on the plaintiff's residence, other insurance on which had been adjusted.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 2, 1924, upon findings in favor of the defendant, dismissing an action on a fire insurance policy, tried to the court. Affirmed.

*S. H. Kelleran* and *Vince H. Faben*, for appellant.

*John W. Heal, Jr.*, for respondent.

BRIDGES, J.—This was a suit on a $3,000 fire insurance policy. A good many years ago the appellant owned blocks 7, 8 and 9, Menage's First Addition to East Seattle, on Mercer Island. In 1906 the plat of these blocks was vacated and thereafter the land was simple acreage. The appellant's dwelling was located on what had been block 7, and there was a barn on what had been block 9. The two buildings were several hundred feet apart. For a number of years last past, the barn had been in part converted into a residence. In order to clearly distinguish it from the residence proper we will speak of it as the barn. Two or three years ago the plaintiff's residence was destroyed by fire, and the question involved here is whether the defendant's $3,000 fire insurance policy covered the

[1]Reported in 233 Pac. 915.

dwelling or the barn. The insurance was written on December 12, 1921. It insures a one and one-half story shingle-roof frame dwelling located on ''75 feet of block 7, Faben's acres, Menage's First Addition to East Seattle, Mercer Island, King county, Washington.'' In a general way, the description of the building would apply to either the house or the barn. The plaintiff contended that this policy covered his dwelling, while the defendant contended that it covered the barn. The trial court found the facts with the defendant and dismissed the suit.

Long before the insurance was written, a portion of the barn had been converted into a residence with three living rooms and persons had lived therein. About the time of but before the issuance of this insurance the appellant had increased the number of living rooms in the barn. He thought he ought probably to carry more fire insurance, both on the barn and on the residence. He spoke with Mr. Pelletier, an agent of the respondent insurance company, asking him to view the property and make reasonably full coverage. The agent had previously insured part of the property and was well acquainted with both the barn and the residence. As a result, the policy in question was written.

The policy on its face makes a fairly strong case for the appellant. It insures the building on what had been block 7, and that is where the house was located, the barn being on block 9. But the strength of his case in this respect is greatly reduced by a consideration of the following facts: When the appellant requested Mr. Pelletier to write additional insurance, he also advised him to see certain other policies of insurance from which he could get a description of the property. This Mr. Pelletier did. Now it appears that other companies issuing policies on the barn had described it as located on block 7, and if the respondent intended

to insure the barn, it was natural that it should make the mistake of locating it on what had previously been block 7. In addition to this, immediately before the issuance of this policy, one other company had $800 on the barn and respondent had $700, making $1,500 in all. That property was worth from $3,500 to $4,000 and the appellant desired considerable more insurance on it. The respondent then cancelled its $700 policy and wrote this $3,000 policy. That appellant knew of this cancellation is certain. If this $3,000 policy was intended to cover the dwelling, then, after the cancellation of the $700 policy, there was only $800 on the barn. Plainly, nobody intended that situation, and it makes it reasonably certain that it was the intention that the policy in suit should cover the barn.

There is also the additional fact that Mr. Pelletier testified that it was his intention, as agent for the respondent, to insure the barn and not the dwelling, and that he was led into the erroneous description by an examination of the previous policies written by other companies.

There is another important feature. After the residence was destroyed, the appellant was unable for the time being to find the policy in suit, but he desired to obtain an adjustment of the insurance on the dwelling, which it is conceded was several thousand dollars. The adjuster would not make any adjustment until he had an affidavit from both Mr. Pelletier and the appellant concerning the policy in question. The appellant's affidavit stated that the respondent, acting through Mr. Pelletier, insured the household goods in the dwelling and issued another policy for $3,000 which had been surrendered to the adjuster for information purposes, and that "whatever the intention of Mr. Pelletier may have been with reference to the covering clause therein

contained, that it is entirely within the knowledge of Mr. Pelletier and not the affiant, under whom he was acting at the time; that this affiant had no knowledge of the amount of insurance at any time on either of the buildings, but left the same entirely to Mr. Pelletier to protect the affiant against loss by fire.'' The agent testified positively that the insurance was intended to be on the barn.

The trial court, considering all these facts, found that the policy covered the barn and not the residence, and we cannot say that his findings were not in accordance with the weight of the testimony.

We have no doubt that appellant's suit was instituted in good faith, being led to believe from the face of the policy itself that it covered the dwelling, but it seems to us that the various circumstances which we have mentioned quite clearly show that he was mistaken.

The judgment is affirmed.

Tolman, C. J., Parker, Main, and Askren, JJ., concur.